IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| FEDERAL NATIONAL MORTGAGE ASSOCIATION, et al. | : : : | CIVIL ACTION |
| v. | : : | No. 18-1959 |
| ANTONELLO BOLDRINI | : : | |

**ORDER**

AND NOW, this 6th day of September, 2019, upon careful and independent consideration of Plaintiff PROF-2013-S3 Legal Title Trust II, by U.S. Bank National Association, as assignee to Federal National Mortgage Association's motion to remand (Document 8), Defendant Antonello Boldrini's response in opposition (Document 12), and after de novo review of the Report and Recommendation of United States Magistrate Judge Martin C. Carlson, and Boldrini's Objections thereto, it is ORDERED:

1. Boldrini's Objections (Documents 19, 20, 21, 22, and 24) are OVERRULED;[1]

2. The Report and Recommendation (Document 18) is APPROVED and ADOPTED;

3. Plaintiff's Motion to Remand (Document 8) is GRANTED;

---

[1] Defendant Antonello Boldrini filed a number of documents objecting to United States Magistrate Judge Carlson's Report and Recommendation (R&R), which recommended this mortgage foreclosure action be remanded to state court and Boldrini's Motion to Strike be denied. None of the many complaints contained in those documents—which the Court considered in their entirety—explains how or why the Notice of Removal was made *more* timely by Boldrini's additional delay. *See* 28 U.S.C. § 1446(b)(1) ("The notice of removal of a civil action . . . shall be filed within 30 days after the receipt by the defendant . . . of a copy of the initial pleading setting for the claim for relief upon which such action . . . is based."). As a result, the Court agrees with Judge Carlson's conclusion, and adopts his recommendation that the Court grant the Motion to Remand. The Court also agrees with Judge Carlson's conclusion that Boldrini's Motion to Strike is meritless, his having failed to identify "an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter" in the Notice of Removal. Fed. R. Civ. P. 12(f). As a result, Boldrini's Motion to Strike is denied. In light of these decisions, the Court remands the matter to the Court of Common Pleas for Luzerne County for further proceedings.

4. Boldrini's Motion to Strike (Document 12) is DENIED;

5. This matter is REMANDED to the Court of Common Pleas for Luzerne County pursuant to 28 U.S.C. § 1447(c).;

6. Boldrini's Motion to Strike Eric J. Phillips's Appearance (Document 23) is DISMISSED as MOOT;

7. Boldrini's Motion for Extension of Time to File Brief in Support of Amended Notice of Removal (Document 25) is DISMISSED as MOOT;

8. Boldrini's Motion for Extension of Time to File Brief in Support of Objection to M.J's Order (Document 26) is DISMISSED as MOOT;

9. Boldrini's Motion for Extension of Time to File Objection to Report and Recommendation (Document 27) is DISMISSED as MOOT;

10. Boldrini's Motion for Extension of Time to File Brief in Support of Motion to Strike Appearance (Document 28) is DISMISSED as MOOT;

11. Boldrini's Motion for Extension of Time to Serve Summons and Complaint (Document 32) is DISMISSED as MOOT;

12. Boldrini's Objection to the Third Circuit Order of Designation (Document 36) is OVERRULED;[2]

13. Boldrini's Motion for Extension of Time to File Brief in Support to Plaintiff's Objection to Third Circuit Order of Designation (Document 38) is DISMISSED as MOOT; and

---

[2] Boldrini's objection to the Third Circuit's Designation of District Judge for Service in Another District Within the Circuit is overruled because he has not identified (1) a colorable basis for his objection, or (2) any grounds upon which this Court, the District Court for the Middle District of Pennsylvania, has the authority to overrule a designation made by the Third Circuit Court of Appeals. As a result, his Objection is denied and his related request for additional time to file a brief in support of the Objection is dismissed as moot.

14. Boldrini's Motion to Dismiss Complaint and State Case (Document 41) is DISMISSED as MOOT.

The Clerk of Court shall mark this matter CLOSED.

BY THE COURT:


/s/ Juan R. Sánchez
Juan R. Sánchez, C.J.